THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
          v.                       :   3:18-CR-397
                                   :   (JUDGE MARIANI)
CHYVONNE TRAVER,                   :
                                   :
          Defendant.               :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Chyvonne Traver's Motion for Early

Termination of Supervised Release (Doc. 164), filed approximately 24 months into her 48-

month term of supervised release.  The parties have fully briefed the motion (Docs. 164,

167) and the motion is ripe for disposition.  For the reasons that follow, Defendant's motion

will be denied.

### II. ANALYSIS

"[T]he primary purpose of supervised release is to facilitate the integration of

offenders back into the community rather than to punish them."  *United States v. Murray*,

692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson,* 645 F.3d 191, 197 (3d

Cir. 2012)).  Congress has thus provided the sentencing court with the authority to terminate

a defendant's term of supervised release early.  *See Burkey v. Marberry*, 556 F.3d 142, 146

n.3 (3d Cir. 2009) ("Pursuant to 18 U.S.C. § 3583(e), only the sentencing court has the

authority to modify [a defendant's] term of supervised release").  Pursuant to 18 U.S.C. §

3583, "[t]he court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1),

(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of

supervised release and discharge the defendant released at any time after the expiration of

one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal

Procedure relating to the modification of probation, if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1). "'The expansive phrases "conduct of the defendant" and "interest of justice"

make clear that a district court enjoys discretion to consider a wide range of circumstances

when determining whether to grant early termination.'" *United States v. Melvin*, 978 F.3d

49, 53 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

The § 3553(a) factors cited in § 3583(e)(1) are as follows:

(1) the nature and circumstances of the offense and the defendant's history and
characteristics; (2) the need to afford adequate deterrence to criminal conduct,
protect the public from further crimes of the defendant, and provide him with
needed educational or vocational training, medical care, or other correctional
treatment in the most effective manner; (3) the kinds of sentence and
sentencing range established for the defendant's crimes; (4) pertinent policy
statements issued by the United States Sentencing Commission; (5) the need
to avoid unwarranted sentence disparities among defendants with similar
records who have been found guilty of similar conduct; and (6) the need to
provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 53 (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir.

2018)). "[I]t is notable that the only traditional sentencing factor *not* relevant to a court's

decision of whether to impose supervised release . . . is the need for the sentence imposed

to reflect the seriousness of the offense, to promote respect for the law, and to provide just

2

punishment for the offense. . . . This omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (internal quotation marks, citations, and brackets omitted).

When weighing the relevant § 3553(a) factors and considering a defendant's motion for early termination of supervised release, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, "'*generally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F.App'x at 89) (emphasis in *Melvin*).

In the present case, Defendant Traver pleaded guilty to Conspiracy to Distribute Fentanyl in excess of 40 grams (Count 1) and to Possession of a Firearm by a Felon (Count 2) (*see* Docs. 100, 106). For purpose of the application of the U.S. Sentencing Guidelines, the parties agreed to recommend that Traver was involved in the distribution of and possession with intent to distribute at least 100 grams but less than 300 grams of a fentanyl analogue; that the distribution and possession with intent to distribute the fentanyl analogue were part of the same course of conduct and common scheme and plan as the offense referenced in Count 1; that the offense referenced in Count 2 involved a stolen firearm and

3

that Traver used or possessed the firearm in connection with another felony offense. (Doc. 99, ¶ 14).

Pursuant to the Pre-Sentence Report ("PSR"), to which Defendant did not object, Traver has reported a long history of drug abuse, including using heroin daily from ages 16 to 27 and cocaine occasionally from ages 20 to 24. (Doc. 122, ¶ 51). Defendant successfully completed drug treatment therapy in 2015 and 2018 and had periods of sobriety prior to her arrest in this case, but consistently relapsed. (*Id*. at ¶ 52). While on pretrial release in this case, she violated the terms of her release by using fentanyl. (*Id*. at ¶¶ 4, 52).

On July 24, 2020, this Court sentenced Traver to a term of 36 months incarceration, to be followed by 4 years of supervised release. Traver was released from custody on March 30, 2022, and her term of supervised release currently ends on March 29, 2026. Having now served approximately half of her supervised release term, she moves for early termination of this supervision. Upon consideration of the statutory factors, Defendant's motion will be denied.

In support of her request, Traver acknowledges that "[f]ollowing [her] release from prison [she] knew [she] needed to change [her] people, places and things." (Doc. 164, at 1). Traver asserts she thus moved to Harrisburg, Pennsylvania, currently works two jobs, is going to be a first-time homeowner, and attends "regular drug and alcohol counseling and methadone maintenance at Comprehensive Treatment Center Harrisburg." (*Id*. at 1-2).

4

Preliminarily, there is no evidence that "new or unforeseen circumstances" have arisen warranting the early termination of Defendant's supervised release.[1]  Although Traver has outlined the steps she has taken to improve her life, she has not provided any reason for her request that the supervised release be terminated early.  While the Court commends Defendant on her efforts at rehabilitation, recent compliance with the terms of her supervised release does not entitle Defendant to early termination of her four-year term of supervised release.  *See e.g., United States v. Laine*, 404 F.App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional") *abrogated by United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original).

Moreover, the nature and circumstances of the drug and firearm crimes committed by Traver, combined with her lengthy history of drug abuse, weigh heavily in favor of not terminating Defendant's supervision early.  Although the Court does not doubt Traver's

---

[1] This Court recognizes that the Third Circuit has "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown", *Melvin*, 978 F.3d at 53 (emphasis added), but it is nonetheless one of a number of factors that this Court should consider in determining the merits of Defendant's motion. *See e.g. id.* ("We think that [g]*enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it.  That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.") (some internal citations and quotation marks omitted) (emphasis in original).

assertions that she regularly attends drug and psychiatric counseling meetings, as outlined by the Government in its brief in opposition to Traver's motion, she "engaged in mostly drug-related conduct on multiple occasions during the first year and a half of her term of supervised release, in violation of its conditions", including testing positive for fentanyl at least 3 times between October, 2022, and June, 2023, and admitting to using heroin at least one time (*see* Doc. 167, at 4-5). Traver has thus not been compliant with the terms of her supervised release for more than half of the time that she has been monitored by Probation, largely due to ongoing issues with illicit substances. Continued supervised release also provides possible deterrence to further criminal conduct, *i.e.* possession or distribution of one or more controlled substances, and in so doing, serves to aid in the protection of members of the public. Defendant's recent compliance with the terms of her supervised release may in fact demonstrate the desired deterrent effect of the supervised release on Defendant to refrain from engaging in further unlawful behavior and to promote her recovery and rehabilitation. *See e.g. United States v. Miles*, 2020 WL 4904019, \*3 (W.D. Pa. 2020) ("Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."). Significantly, given Traver's lengthy history of addiction, and regular supervised release violations for the first year of her term of supervision, remaining on supervised release ensures that Defendant is provided with a structure and oversight which may best allow her to continue achieving her personal goals,

receive any further needed drug and psychologic treatment, and refrain from relapsing into past destructive or illegal behavior. This conclusion is consonant with the Third Circuit's direction that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities," *Murray*, 692 F.3d at 280.

For these reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' briefs, the Court finds that the purposes to be served by the imposition of supervised release by the Court have not yet been satisfied at this time. Consideration of the relevant § 3553 factors weigh heavily in favor of requiring Defendant to serve the remaining term of her supervised release. Defendant's motion will therefore be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant Traver's Motion for Early Termination of Supervised Release (Doc. 164) will be denied. A separate order follows.

Robert D. Mariani
United States District Judge